
**FILED**
12/6/2013
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

RECEIVED
NOV 14 2013
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Brian Williams )
   Plaintiff, )
)
vs )  Case No. 13 C 50363
)
ASSET ACCEPTANCE, LLC )  JUDGE KAPALA
ENCORE CAPITAL GROUP INC. )
)  MAGISTRATE JUDGE MAHONEY
   Defendants, )
)

## ORIGINAL COMPLAINT FOR VIOLATIONS OF THE FDCPA AND TCPA

### JURISDICTION AND VENUE

1. This court has jurisdiction under 15 U.S.C. § 1681p, 15 U.S.C. § 1692k (d), 28 U.S.C § 1331 and 28 U.S.C. § 1337.

2. All conditions precedent to the bringing of this action have been performed.

3. The occurrences which give rise to this action occurred in Winnebago County, Illinois and Plaintiff resides in Winnebago County, Illinois.

4. This action arises out of violations of the Fair Debt Collection Practice Act (FDCPA) 15 U.S.C. § 1692 et seq. and for the violation of Telephone Consumer Protection Act (TCPA) § 227, 47 USC § 227 et seq. by Defendants, Asset Acceptance, LLC and Encore Capital Group, Inc.

5. Defendant, Asset Acceptance, LLC's, Encore Capitol Group's collection communications were received by Plaintiff within this District. And within the statute of limitations pursuant to the violations stated herein.

## PARTIES

6. Plaintiff, Brian Williams, ("Williams") is an individual who resides in the Northern District, of Illinois in Winnebago, County and is a consumer as defined by 15 U.S.C. § 1681a(c), and 15 U.S.C. §1692 a (3).

7. Upon information and belief Defendant, Asset Acceptance, LLC ("Asset") is a **for profit** foreign corporation, located in Michigan, and authorized to do business in Illinois.

8. Asset is engaged in the business of using the mail and telephone to collect consumer debts originally owed to others. Asset, is a debt collector defined by 15 U.S.C. § 1681a(6) and a "for profit" corporation organized in Michigan. Which Asset has its corporate office's located at 28405 Van Dyke Ave, Warren, MI 48093. Asset, uses instrumentality of interstate commerce and/or the mails in a business the principle purpose of which is the collection of alleged debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another as a third party.

9. Defendant Encore Capital Group, Inc. ("Encore") is a "debt collector" as defined by 15 U.S.C. § 1681a(6), and is a **for profit**, foreign corporation **not authorized** to do business in Illinois, according to the Illinois Secretary Of State, and is organized in Delaware, which has its principle place of business located in San Diego, CA, and lists its San Diego Operations address as 8875 Aero Drive, Suite 200, San Diego, CA 92123 and maintains Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808, as its registered agent for service of process. Encore uses the instrumentality of interstate commerce or the

mails in a business the principle purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another. Encore is also a Successor in Interest, because Encore, purchased Asset, in June 2013 and is there for responsible for the actions of its acquisitions/subsidiary by the doctrine of respondent superior.

## PRELIMINARY STATEMENT

10. This is an action for damages and injunctive relief brought by Plaintiff, Brian Williams against Defendant, Asset Acceptance LLC, Encore Capitol Group Inc. for violations of Fair Debt Collection Practice Act (FDCPA) 15 U.S.C. § 1692 § 807 e(5) *"Threaten to take any action that cannot legally be taken or that is not intended to be taken."* also for (FDCPA) §1692e (10) *"the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."*

11. Telephone Consumer Protection Act (TCPA) § 227, 47 USC § 227 (1)(a). *"To make any call, (Other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic dialing system or an artificial pre-recorded voice."*

## FACTUAL ALLEGATIONS

12. Asset placed a telephone call on Wed, June 12th 2013 and spoke to Williams and stated the purpose of the call was collection on an alleged consumer debt. Asset's representative mentioned the alleged debt was from 2005 according to their records on file.

13. Williams was not familiar with nor had he ever engaged in any type of business, transaction or contractual agreement with Asset. Williams instructed the representative over the

telephone to provide him with written information regarding their claim and further stated that he had an immanent prior commitment, and could not continue the conversation at that time but would return that call.

14. The Asset representative stated at that point the company would send a letter on the alleged debt stated they would send a letter detailing their claim on the alleged debt via USPS Mail.

15. Williams received the letter regarding the alleged debt. It also states the alleged debt was purchased by Asset from another company Oct 6th 2005 at 6:00 a.m.

16. As promised, William returned Asset's call Sept 9th *"see paragraph 13 above"*.

17. Asset's representative made it known to Williams once again that they were attempting to collect on an alleged debt purported to be owed by him. She further indicated upon reading her computer screen that the alleged debt had originated in 2005 and offered to close the account.

18. Williams questioned the representative as to why she would suddenly be willing to close the alleged count, to which she responded they would just close the account and it would go away.

19. Williams asked the representative if there was some sort of legal reason they would be willing to close out the alleged debt which they had been attempting to collect on the earlier call. Asset's representative stated there were no reasons at all and they could still collect on the debt and they could still take Williams to court. Williams interpreted the mentioning of court action to be a threat.

20. Williams inquired of the Asset representative while she was looking at the record on her computer screen, as to when the company had begun efforts to collect on the alleged debt? Asset's representative stating according to their system, the first of two calls were made on

8/28/2003, and then stated multiple calls were made to Williams from Asset in 2007, 2 times in 2012, and 2 or 3 times in 2013.

21. Williams then stated that there must be some reason why the Asset representative was so anxious to close the account. The representative's demeanor over the telephone sounded agitated and stated it was all Williams's fault as it could have all gone away but now wouldn't because he was being difficult about it.

22. Williams **has never** engaged in **ANY** type of business, transaction, or contractual agreement, with Asset nor is there any debt in existence which Asset could claim ownership of or the right to collect.

## COUNT I
### VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692 BY DEFENDANTS ASSET ACCEPTANCE, ENCORE CAPITOL GROUP

23. Plaintiff alleges and incorporates the information in paragraphs 1 through 22.

24. Asset Acceptance, LLC and Encore Capitol Group, Inc., violated [1].(FDCPA) § 1692 § 807e (5) by" *Threatening to take any action that cannot legally be taken or that is not intended to be taken."* Plaintiff demands maximum statutory damages allowed by statute.

WHEREFORE, Plaintiff demands judgment for damages against Asset Acceptance, together with such other and further relief as the court may deem reasonable and just under the circumstances.

---

1. The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute which prohibits a catalog of activities in connection with the collection of debts by third parties. *See* 15 U.S.C § 1692 et seq. The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. § 1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, both generally and in a specific list of disapproved practices.

## COUNT II
### VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692 BY DEFENDANTS ASSET ACCEPTANCE, ENCORE CAPITOL GROUP

25. Plaintiff alleges and incorporates the information in paragraph 1 through 26.

26. Asset Acceptance, LLC and Encore Capitol Group, Inc., violated (FDCPA) §1692e (10) *"the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."* Plaintiff demands maximum statutory damages allowed by statute.

WHEREFORE, Plaintiff demands judgment for damages against Asset Acceptance, LLC, Encore Capitol Group Inc. together with such other and further relief as the court may deem reasonable and just under the circumstances.

## COUNT III
### VIOLATIONS OF THE TELEPHONE COMMUNICATIONS ACT 47 U.S.C. §227 BY DEFENDANT ASSET ACCEPTANCE, ENCORE CAPITOL GROUP

25. Plaintiff alleges and incorporates the information in paragraph 1 through 29.

28. Asset Acceptance, LLC, Encore Capitol Group, Inc., had called Williams on the telephone by their own admission at least six times which are equal to, that are six individual separate violations of 47 U.S.C. §227(b)(1)(A) *"To make any call, (Other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic dialing system or an artificial pre-recorded voice."*

29. Asset Acceptance LLC, Encore Capitol Group Inc., have demonstrated willful and knowing non-compliance with 47 U.S.C. §227(b)(1)(A) by calling the Williams's number, without prior **express consent**. Williams has never given Asset Acceptance, LLC or Encore Capitol Group Inc., permission to call him. Plaintiff demands maximum statutory damages allowed

by statute 47 U.S.C. § 227(b)(3)(A)(B)(C) in the amount of $500.00 for the first call and $1,500.00 per call for each and every successive call thereafter as knowing and or willful violations of the TCPA.

WHEREFORE, Plaintiff demands judgment for damages against Asset Acceptance, LLC and Encore Capitol Group Inc., as the decision making entity for Asset together with such other and further relief as the court may deem reasonable and just under the circumstances.

### DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully submitted this _14_ of _Nov._, ~~2011~~ 2013

_Brian Williams_ (signature)

Brian Williams
1221 South 6th Street
Rockford, Il 61104
815-987-0373
brianrss@hotmail.com

NOTARY
_Mary E Moore_ (signature) 11-14-2013

OFFICIAL SEAL
MARY E MOORE
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:07/28/17

Service to:
Asset Acceptance, LLC
28405 Van Dyke Ave,
Warren, MI 48093

Encore Capital Group, Inc.
8875 Aero Drive, Suite #200
San Diego, California 92123
Registered Agent: Corporation Service Company
2711 Centerville Road, Suite #400
Wilmington, DE 19808